UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-62-KAC-JEM |
| | ) | |
| JAYLEN KEITH WARREN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant Jaylen Keith Warren's Unopposed Motion to Continue Trial Date and Reset All Deadlines [Doc. 18], filed on October 20, 2025.

Defendant requests the Court to continue the trial date, set for December 9, 2025, and reset all deadlines [*Id.*]. In support of the motion, Defendant states that he is detained pretrial in Laurel County Correctional Center in London, Kentucky [*Id.* ¶ 1]. The Court appointed counsel for him on September 30, 2025 [*Id.* ¶ 2]. On October 14, 2025, the Government provided discovery to defense counsel, which contains 292 gigabytes of data [*Id.* ¶ 3]. Because of the voluminous discovery, Defendant's counsel needs additional time to review and confer with Defendant [*Id.* ¶ 4]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 5]. Defendant understands that the period between the filing of the motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 6].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant's counsel needs more time to review discovery, consult with his client, and otherwise prepare for trial. The Court finds that all of this cannot occur before the December 9, 2025 trial date.

The Court therefore **GRANTS** Defendant Jaylen Keith Warren's Unopposed Motion to Continue Trial Date and Reset All Deadlines [**Doc. 18**]. The trial of this case is reset to **March 17, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on October 20, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Jaylen Keith Warren's Unopposed Motion to Continue Trial Date and Reset All Deadlines [**Doc. 18**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **March 17, 2026, at 9:00 a.m.**, before the Honorable Katherine A Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 20, 2025**, and the new trial date of **March 17, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended until **November 20, 2025**. Responses to pretrial motions are due on or before **December 4, 2025**;

2

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 17, 2026**;

(6) the deadline for filing motions *in limine* is **March 2, 2026**, and responses to motions *in limine* are due on or before **March 10, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **February 19, 2026, at 11:00 a.m.,** and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 6, 2026.**

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge