UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:25-CR-62-KAC-JEM |
| JAYLEN KEITH WARREN, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jaylen Keith Warren's Second Unopposed Motion to Continue Trial Date and Reset All Deadlines [Doc. 22], filed on December 9, 2025.

Defendant requests the Court to reset the pretrial motions deadline, set for December 11, 2025, the trial date, set for March 17, 2026, and reset all other deadlines [*Id.*]. In support of the motion, Defendant states that he is detained pretrial in Laurel County Correctional Center in London, Kentucky [*Id.* ¶ 1]. Defendant was appointed counsel on September 30, 2025, and counsel received discovery containing 292 gigabytes of data from the Government on October 14, 2025 [*Id.* ¶ 2]. Defendant represents that because of the voluminous discovery, which includes hundreds of pages of documents, numerous search warrants for various locations, and audio and video recordings that must be reviewed in person with Defendant, and the difficulty of scheduling visits at Laurel County Correctional Center, Defendant's counsel needs the additional time to review discovery, confer with Defendant, and adequately prepare for trial [*Id.* ¶ 4]. Further, the discovery provided by the Government contains at least six cellphone extractions and geolocation results that contain voluminous data that must be reviewed by Defendant's counsel and his investigator, and

reviewed with Defendant [*Id.* ¶ 5]. Defendant's counsel also needs the additional time to secure experts to assist in interpreting the data [*Id.*]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 6]. Defendant understands his speedy trial rights and understands that the time period of this continuance is excluded from the speedy trial computation [*Id.* ¶ 7].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant's counsel needs more time to review discovery, consult with experts, and otherwise prepare for trial. The Court finds that all of this cannot occur before the March 17, 2026 trial date.

The Court therefore **GRANTS** Defendant Jaylen Keith Warren's Second Unopposed Motion to Continue Trial and Reset All Deadlines [**Doc. 22**]. The trial of this case is reset to **June 9, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on December 9, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Jaylen Keith Warren's Second Unopposed Motion to Continue Trial and Reset All Deadlines [**Doc. 22**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **June 9, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **December 9, 2025**, and the new trial date of **June 9, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is **January 12, 2026**, and responses to the pretrial motions are due **January 26, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 8, 2026**;

(6) the deadline for filing motions *in limine* is **May 26, 2026**, and responses to motions *in limine* are due on or before **June 2**, **2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **May 26, 2026, at 11:30 a.m.,** and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 29, 2026.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge