IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-62-KAC-JEM |
| | ) | |
| JAYLEN KEITH WARREN, | ) | |
| | ) | |
| Defendant, | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for report and recommendation regarding disposition by the District Court as may be appropriate.

Defendant Warren stands charged by Indictment with conspiracy to distribute four hundred grams or more of fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count One); possession with intent to distribute four hundred grams or more of fentanyl, aided and abetted by another, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2 (Count Two); possession of firearms in furtherance of a drug trafficking crime, aided and abetted by another, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Three); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Four); and possession with intent to distribute forty grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count Five) [Doc. 3]. The Government also lodged forfeiture allegations against Defendant Warren [*Id.* at 3–4].

Now before the Court is Defendant's Motion to Suppress Statements [Doc. 32]. Defendant requests that the Court suppress all statements he made during an allegedly unlawful interrogation based on the Fifth Amendment and Sixth Amendment of the United States Constitution, Federal

Rules of Criminal Procedure 12 and 41(h), *Miranda v. Arizona*, 384 U.S. 436 (1966), and *Wong Sun v. United States*, 371 U.S. 471 (1963) [*Id.*]. Defendant states that on July 11, 2023, Knox County Sheriff's Office deputies stopped a car in which he was a passenger for a traffic violation [*Id.* ¶ 2]. Defendant states deputies ordered him out of the car and interrogated him before handcuffing and arresting him on an outstanding warrant [*Id.* ¶ 3]. According to Defendant Warren, deputies recorded his statements during interrogation without advising him of his *Miranda* rights, and he received the video of his statements in discovery [*Id.* ¶ 4].

In response, the Government contends that Defendant's motion is overbroad because it seeks suppression of all statements, even those not the product of custodial interrogation, and fails to establish a *Miranda* violation [Doc. 47 pp. 2–4]. But it also asserts that the motion is moot as to the government's case-in-chief because the United States does not intend to introduce any statements at trial [*Id.* at 4–5]. More specifically, the Government asserts it received the video recording referenced in Defendant's motion, and, at this time, the Government does not intend to use the statements during its case-in-chief at trial [*Id.* at 4]. Yet the Government asserts that, if Defendant should choose to testify at trial, it may use the statements for impeachment purposes [*Id.* at 5].

The parties appeared before the undersigned for a hearing on the motion on February 24, 2026 [Doc. 44]. Assistant United States Attorney Tracy Stone appeared on behalf of the Government. Attorney Randall E. Reagan appeared on behalf of Defendant, who was also present.

During the hearing, the Government reiterated and clarified its position that the motion is moot [*see* Doc. 47 p. 5]. Defendant Warren agreed [*Id.* at 5–7]. Accordingly, the undersigned finds that the issue of whether the Government can use Defendant's July 11, 2023 statements is moot.

2

The Court acknowledges that, if Defendant testifies at trial, the Government has reserved the right to use the statements if they become relevant for impeachment purposes because "[a] defendant's voluntary statement that is inadmissible due to the government's failure to provide *Miranda* warnings is nonetheless admissible for impeachment purposes" [Doc. 43 p. 5 (citing *Oregon v. Elstad*, 470 U.S. 298, 307 (1985))]. Considering the parties' representations during the hearing, the undersigned finds that any evidentiary argument regarding use of the statements outside of the Government's case-in-chief is reserved for argument before the District Judge at trial, if the issue arises at all.

Accordingly, the reasons discussed herein, the undersigned therefore **RECOMMENDS**[1] that the District Judge **DENY AS MOOT** Defendant Warren's Motion to Suppress Statements [**Doc. 32**].

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. Of Tchrs*, 829 F.2d 1370, 1373 (6th Cir. 1987).

3