UNITED STATES OF AMERICA,        )
                                  )
          Plaintiff,        )
v.                                )         No. 3:25-CR-62-KAC-JEM
                                  )
JAYLEN KEITH WARREN,        )
                                  )
         Defendant.       )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jaylen Keith Warren's Unopposed Motion to Continue Trial Date and Reset All Deadlines [Doc. 53], which he filed on August 5, 2026.

Defendant asks the Court to continue the trial and reset all deadlines [*Id*]. In support, Defendant explains that his counsel was engaged in plea negotiations with the Government and the case was recently re-assigned to new Government counsel [*Id.* ¶ 3]. Defendant asserts that his counsel needs additional time for further discussions with new Government counsel and for both parties to review discovery, engage in plea negotiations, and, if necessary, adequately prepare for trial [*Id.*].

Defendant states his understanding of his speedy trial rights and that the period of time between the filing of his motion and the rescheduled trial date will be fully excludable for speedy trial purposes [*Id.* ¶ 5]. Defendant states the Government does not oppose his motion [*Id.* ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C.

§ 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant's counsel needs additional time to review and consider discovery, engage in plea negotiations, and, if necessary, prepare for trial. The Court finds that this cannot occur before the September 8, 2026 trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue Trial Date and Reset All Deadlines [**Doc. 53**]. The trial date is reset to **December 8, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on August 5, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue Trial Date and Reset All Deadlines [**Doc. 53**] is **GRANTED**;

(2) the trial date is reset to commence on **December 8, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **August 5, 2026**, and the new trial date of **December 8, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 6, 2026**;

(5) the deadline for filing motions *in limine* is **November 23, 2026**, and responses to motions *in limine* are due on or before **December 1, 2026**;

(6)  the parties are to appear before the undersigned for a final pretrial conference on **November 24, 2026, at 1:30 p.m.**; and

(7)  requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 27, 2026**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

3